PEARSON, Judge.
This cause has been before the Supreme Court of Florida upon several occasions. See Chaachou v. Chaachou, Fla.1954, 73 So.2d 830; Chaachou v. Chaachou, Fla. 1957, 92 So.2d 414. An appeal is now in that court upon the merits of the cause. A statement of the factual background is therefore unnecessary. One of the main points designated as error by the defendant, who is appellant in the Supreme Court and in this court, in the last mentioned appeal, was the refusal of the chancellor to allow one Wead A. .Summerson to testify at the trial. Defendant moved for leave to take the deposition of Wead A. Summerson pending the determination of the interlocutory appeal in the Supreme Court. Plaintiff opposed the motion and a hearing was had. The chancellor refused to allow defendant to take 'Summerson’s deposition pending the appeal and entered an order denying the motion. It is from this last order denying defendant’s motion for leave to take the deposition that the interlocutory appeal to this court is now taken.
It should be noted that the appellee has not moved for a transfer of this interlocutory appeal to the Supreme Court and has filed a full and complete brief upon the procedural question involved.
Appellant’s motion was made pursuant to Rule 1.22(b), 1954 Rules of Civil Procedure.[1] The chancellor found by his order *821 that the motion itself was legally insufficient and denied the same without exercising his discretion to grant or deny the motion. The appellee urges the insufficiency of the motion upon the ground that the motion was not verified. A careful reading of Rule 1.22, supra, reveals that the requirement for verification is contained in the portion of ■the rule providing for depositions before .action.[2] The reference is to a petition. On the other hand, in subsection “b”, supra, ■where the reference is to a motion there is no requirement for verification. Such .a distinction has sense because in the first ■situation the verified petition sets the court’s ■machinery for preservation of testimony in operation, and in the second situation the motion is for an order which should be granted as a matter of course, unless the trial judge, who is already familiar with •the case, finds that there is some reason that the preservation of testimony is not proper. See 4 Moore’s, Federal Practice 1842 (2nd ■ed. 1950).
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. Rule 1.22(b) “Pending Appeal. If an appeal has been taken from a judgment of a circuit court or before the taking of an appeal if the time therefore has not expired, the circuit court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use *821 in the event of further proceedings in the circuit court. In such case the party who desires to perpetuate the testimony may make a motion in the circuit court for leave to take the deposition upon the same notice and service thereof as if the action was pending in the circuit court. The motion shall show (1) the names and addresses of persons to be examined ■and the substance of the testimony which he expects to elicit from each; (2) the reason for perpetutating their testimony. If the court finds that the perpetuation •of the testimony is proper to avoid a failure or delay of justice, it may make ■an order allowing the depositions to be taken and may make orders of the character provided for by these rules, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the circuit court.” 30 F.S.A.

. Rule 1.22(a) “Before Action. (1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state, may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the State of Florida, but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.”