HENDRY, Judge.
Appellants seek review by interlocutory appeal of an order in chancery. The order complained of quashed a notice to take the deposition of Lawrence E. Hoffman, the attorney for the appellees-defendants below, on the ground that “any matter inquired into would be privileged.”
We recognize that the trial judge, under our rules [1] may, in his discretion, suppress or qualify the right to take depositions, but it is limited to those instances in which good cause is made to appear. See Ellard v. Godwin, Fla.1955, 77 So.2d 617.
In quashing the order appealed the lower court has improperly prevented the appellants from seeking proper discovery information in areas not privileged. See Dade County, By and Through Board of County Com’rs v. Bosch, Fla.App.1961, 133 So.2d 578. Many communications in which an attorney is involved are not privileged. Hood v. Hood, Fla.App.1958, 100 So.2d 422.
We find that the record does not support the lower court’s finding that all relevant matters which could be the subject of the deposition of the appellee’s attorney would necessarily be privileged. There being no showing of good cause, the appellants are thus entitled to depose the attorney, Lawrence E. Hoffman. However, if at any time it appears that appellants are seeking discovery of information which is privileged, a proper protective motion may be made. It follows therefore, that it was error to enter the order appealed.
Reversed.

. Rule 1.24(b), F.R.O.P., 30 F.S.A., reads in part as follows:

“(b) Orders for the Protection of Parties and Deponents. After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken *