PER CURIAM.
By this appeal the appellant seeks review of a protective order entered in a pending proceeding in the trial court preventing the taking of a fourth deposition from the ap-pellee, James C. Pelekis.
From the record on appeal it appears that after the deposition of the appellee had been taken, he amended his answer and counterclaim by an allegation charging certain of the appellants with the act of forgery or with a conspiracy to perpetrate a forgery in the execution of a warranty deed to certain property. This was a new and different charge from that contained in earlier pleadings filed by the cotmterclaim-ant. It is a very serious charge, one which if true would not only have a material effect on the outcome of the pending litigation but, in all probability, could result in action being taken by certain government agencies. In light of the age of the ap-pellee, it would not be unreasonable to assume that the appellants did desire to preserve his testimony for use at trial in the event he should predecease the trial date. Town of New Castle v. Rand, 101 N.H. 201, 136 A.2d 914; Rule 1.290(d), R.C.P., 30 F.S.A.
Such orders are generally within the discretion of a trial court. City of Miami Beach v. Wolfe, Fla.1955, 83 So.2d 774; Spector v. Alter, Fla.App.1962, 138 So.2d 517; Burgin v. Florida Gas Utilities Co., Fla.App.1965, 172 So.2d 267. We find that in the instant case, because of the seriousness of the charge made by the last amended counterclaim, the appellants should be permitted to take the oral deposition of the appellee, James C. Pelekis. It has long been recognized that oral depositions offer a better opportunity to determine the true nature of past events in contrast to written interrogatories. 10 Fla.Jur., Depositions, § 21; 7 Fla.L.Rev. 5.
Therefore, for the above reasons, the order here under review be and the same is hereby reversed.