Kathryn L. MATTINGLY, and the State of Utah, By and Through Utah STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiffs and Appellants,

v.

Thomas C. MATTINGLY, Defendant and Respondent.

No. 14627.

Supreme Court of Utah.

April 8, 1977.

Vernon B. Romney, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Don L. Bybee, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

Respondent Thomas Mattingly was formerly married to Kathryn Mattingly and two children were born of the marriage. A child support order was entered pursuant to the divorce decree, but the respondent fell in arrearage on his payments. Subsequently, the appellant was required to go on state welfare to support her children.

The State of Utah brought an action pursuant to statute[1] to be joined as a party and without serving an Order to Show Cause or otherwise invoking the authority of the court, undertook to take respondent's deposition to ascertain what the circumstances were concerning the support arrearages.

This appeal arises from a district court decree which in part reads:

    1. That the State of Utah's intervention in the above entitled matter is prop-

---

1. 78–45–9, U.C.A.1953 (1975 Pocket Supp.).

er based on the fact that the expenditure of welfare funds makes the State of Utah a proper party to the action.

2. That the signing of a divorce decree makes the action final and the intervention of the State of Utah does not give rise to a cause of action upon which a deposition may be taken.

3. That the State of Utah cannot take a deposition regarding child support payment after the signing of a divorce decree without an order to show cause pending in the matter.

■ The first provision is not in dispute, and we simply note here that it is consistent with recent holdings from this Court.[2]

Our ruling on the latter two provisions is one of first impression. We, however, recognize that under Sec. 30–3–5 [3] the court retains continuing jurisdiction over custody and support of minors in divorce matters. We also acknowledge the finality of district court decrees in divorce cases where custody of children, alimony, and child support matters are involved, save where there are changed circumstances which justify a reconsideration of the previous decree.

■ If and when circumstances change, interested parties may commence a new cause of action or may secure an order to show cause under 3 Utah Rules of Civil Procedure.[4] Only after a new action or proceeding is commenced may depositions of a party be taken.[5] This restriction is necessary to protect parties from possible abuses of harassment and over-reaching, and it puts them on notice as to the specific scope of inquiry sought. Once the court becomes involved in the action or order, either party may take depositions from any person pursuant to our rules of civil procedure; but until that occurs, depositions, except as set forth in Rule 27, Utah Rules of Civil Procedure, may not be taken.

The judgment below is affirmed.[6] No costs are awarded.

MAUGHAN, WILKINS and HALL, JJ., concur.

CROCKETT, Justice (dissenting):

It is my opinion that the objection made by defendant is but an obstructive tactic imposing a further unjustifiable burden upon the public which has supported his children. I do not agree to giving him any aid or encouragement in doing so.

The argument he makes is that the divorce decree is a final judgment; and that in any proceeding supplemental thereto must be initiated by the filing of a petition and the issuance of an order to show cause. It is true that the decree is a final judgment as to the granting of the divorce; and also as to any other matters adjudicated in the findings and decree. However, as stated in the main opinion, the legislature in Sec. 30–3–5, U.C.A.1953, has recognized that alimony and child support are ongoing matters with respect to which it is essential that the district court have the authority to deal with as changing circumstances may require.

In view of the continuing jurisdiction expressly granted by that section, I see no reason why the plaintiff, or in this instance the Division of Family Services as a party invested with the same rights, cannot in the existing action take any discovery or deposition proceeding as authorized in Rules of Civil Procedure. See Rules 26 to 37 U.R. C.P. relating to Depositions and Discovery. It will be seen that they allow for depositions and discovery proceedings in appropriate circumstances even before an action is filed.

The allowance of the procedure proposed in this case would be of great practical

2. *Bartholomew v. Bartholomew,* Utah, 548 P.2d 238 (1976).

3. U.C.A.1953, 2d Replacement Vol. 3.

4. *Jones v. Jones,* 104 Utah 275, 139 P.2d 222 (1943).

5. 26–b(1), Utah Rules of Civil Procedure.

6. The ruling made was not a final judgment; however, there was no objection made to the hearing of this matter and the magnitude of the use of depositions in similar cases justifies this decision.

benefit in the thousands of cases of errant fathers who are not supporting their children. There is no lack of notice or due process. They know what their obligations are under the decree; and from this and the notice of taking their depositions they know what they are to be taken for. I can see no reason to apprehend unfairness or injustice. It merely provides a simpler, more direct and expeditious means of seeking out the facts; and in many instances may eliminate entirely the necessity of going into court.