GLICKSTEIN, Judge.
This is an appeal from an order, which denied the former wife’s motion for protective order. We have elected to treat the matter as a petition for writ of certiorari; and we grant the relief sought herein.
The issue is whether a subpoena duces tecum for deposition and notice of taking deposition should be quashed when served by a former husband upon a former wife without there being any petition for modification or other relief pending before the court. We conclude both should have been quashed.
The question of the propriety of permitting discovery in the absence of a pending issue between parties really addresses jurisdiction of subject matter. A line of cases in this and other Florida courts hold that a trial court lacks jurisdiction to modify a final divorce judgment absent a new pleading. See e.g., Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Purvis v. Carver, 303 So.2d 681 (Fla. 4th DCA 1974). If the trial court lacked jurisdiction to modify a judgment, it follows that it lacked jurisdiction to enter a discovery order relating to modification.
In McCarty v. Estate of Schultz, 372 So.2d 210 (Fla. 3d DCA 1979), the court reversed a denial of- a motion to quash a subpoena duces tecum where the petitioner was not involved in an adversary action with respondent. The court said:
The instant subpoena duces tecum may not be used for a mere “fishing expedition” or general inquisitorial examination of the papers with a view to ascertaining whether something of value may or may not show up. See Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970); Travelers Indem. Co. v. Salido, 354 So.2d 963 (Fla. 3d DCA 1978).
Id. at 212.
Federal decisions involving rules similar to Florida’s point to the same conclusion. In re The Royal Bank of Canada, 33 F.R.D. 296 (S.D.N.Y.1963) involved a motion to quash a subpoena duces tecum served on a witness in an action where no defendants had been served with process. The court declined to allow use of court processes to determine whether there would be justification for suit. 33 F.R.D. at 303. Similarly, the opinion in American Communications Association, Local 10 v. Retirement Plan for Employees of RCA Corporation and Subsidiary Companies, 488 F.Supp. 479 (S.D.N.Y.1980), rejected an effort to fill in pleading specifics through use of discovery. The federal court noted that “[t]he discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made — -not to discover whether a claim exists.” 33 F.R.D. at 484.
On point is the Utah decision, Mattingly v. Mattingly, 562 P.2d 1254 (Utah 1977). Mattingly arose when a state agency tried to depose a former husband some time after the rendition of a final judgment, and without filing a petition. The court observed that the judgment was final until changed circumstances are shown, and held:
Only after a new action or proceeding is commenced may depositions of a party be taken. This restriction is necessary to protect parties from possible abuses of harassment and over-reaching, and it puts them on notice as to the specific scope of inquiry sought. Once the court becomes involved in the action or order, either party may take depositions from any person pursuant to our rules of civil procedure; but until that occurs, depositions, except as set forth in Rule 27, Utah *1055 Rules of Civil Procedure, may not be taken.
(Footnote omitted.) 562 P.2d at 1255. Utah Rule of Civil Procedure 27 echoes Florida Rule of Civil Procedure 1.290, Depositions before Action or Pending Appeal. The gist of each is preservation of evidence that might otherwise be lost because of the litigant’s current inability to sue. These circumstances do not exist in the instant situation; and even if they did, this procedure is not the one appealed.
Accordingly, we grant the petition.
DOWNEY and HERSEY, JJ., concur.