Janette Dyke **MURR**

v.

Bobby **STINSON**.

No. CIV–2–82–138.

United States District Court,
E.D. Tennessee,
Northeastern Division.

March 22, 1984.

John T. Milburn Rogers and William S. Nunnally, Greeneville, Tenn., for plaintiff.

Ben Hooper, Newport, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, District Judge.

This civil rights defamation action came to trial before a jury on December 9, 1983. The jury returned a verdict in favor of the plaintiff awarding her $20,000.00 in compensatory damages and $125,000.00 in punitive damages. On January 11, 1984, the Court denied defendant's motions for a judgment notwithstanding the verdict, for a new trial, or for a remittitur and awarded plaintiff's attorneys fees and costs. On February 9, 1984, the defendant filed a notice of appeal of the Court's order of January 11, 1984. Plaintiff now moves the Court pursuant to Rule 27(b), Federal Rules of Civil Procedure for an order allowing her to take the deposition of the defendant Bobby Stinson in order to perpetuate his testimony on the subject of assets.

Rule 27(b) provides a procedure for perpetuating testimony while a case is on appeal "for use in the event of further proceedings in the district court." The Court does not believe that the information sought in this instance is the type of information Rule 27(b) was intended to preserve. Plaintiff here seeks to use Rule 27(b) as a means of determining the defendant's assets in order to help with collection of her judgment should defendant's appeal fail rather than as a means of preserving information for use in further proceeding in this Court.

Even if the information sought by plaintiff was the type of information Rule 27(b) was intended to preserve, the plaintiff has failed to show this Court that perpetuation of the testimony is proper to avoid a failure or delay of justice in this case. Plaintiff has not shown, by affidavit or otherwise, that evidence is likely to be lost while the appeal is pending. Plaintiff has not shown that the defendant will be unavailable to give testimony should further proceedings become necessary; allegations of inconvenience are not sufficient. The information now sought by plaintiff was not previously unavailable to plaintiff in pretrial discovery.

Accordingly, it is ORDERED that plaintiff's motion for an order allowing her to take the deposition of the defendant in order to perpetuate his testimony is hereby DENIED. Rule 27(b), Federal Rules of Civil Procedure.