NIMMONS, Judge.
Claimant suffered a compensable industrial accident in 1981. In April 1986, a hearing was held on his claim to have his average weekly wage adjusted and to have an unpaid medical bill paid. The deputy commissioner declined to adjust the average weekly wage and made no ruling on the claim for unpaid medical benefits. Claimant appeals.
Claimant’s attorney filed a motion for rehearing before the deputy commissioner. Prior to the deputy’s ruling on that motion, the claimant’s attorney filed his notice of appeal herein. Thereafter, the deputy entered an order purporting to vacate his compensation order. In their appellee’s brief, the employer and carrier have suggested that this court is without jurisdiction because the motion for rehearing had not been disposed of prior to the filing of the notice of appeal.
Although Fla.R.App.P. 9.110 keys jurisdiction of the appellate court to “rendition” of the appealed order (Rule 9.110(b)) and rendition is not deemed to have occurred until a timely motion for rehearing is disposed of (Rule 9.020(g)), such provisions are not applicable to workers’ compensation appeals. Although Fla.W.C.R.P. 4.141(b) empowers a deputy commissioner to vacate or amend an order on his own initiative or on motion of a party, there is no such power with respect to an order which has become “final by operation of Section 440.25, Florida Statutes.” Section 440.25(4)(a) provides that the deputy’s order “shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules.”
Fla.W.C.R.P. 4.160 provides in part: (a) Notice of Appeal. * * * Jurisdiction of the District Court is invoked as of the date of filing of the notice of appeal with any Deputy or the Clerk of the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction for the purpose of approving settlements or correcting clerical errors in the order appealed at any time prior to the filing of the record on appeal in the First District *531 Court of Appeal. The Deputy Commissioner shall have jurisdiction to determine whether there has been an abandonment under Rule 4.161.
and Rule 4.210(a) provides:
(a) Jurisdiction. Upon application to the District Court for review of an order of a Deputy, jurisdiction of the cause to the extent of the issues raised is vested in the District Court and the Deputy shall have no further jurisdiction, in respect thereof, save with respect to preparation of the record on appeal, cost of said preparation, extension of time for filing of same, and with respect to a stipulation, settlement or correction of clerical errors in the order of appeal prior to filing of the record, or as provided by these rules. A party may, however, file a motion with the District Court requesting remand of the cause to the Deputy for further proceedings.
There has been no request under such Rule for remand in the present case. We conclude that the députy’s order filed after the filing of the notice of appeal is ineffective and this court has jurisdiction.
The claimant properly asserts that the deputy erred in failing to consider claimant’s insurance policy which was provided by the employer. The deputy ruled that since claimant failed to convert the policy from group to individual coverage upon termination of his employment, the policy was not a fringe benefit. Whether claimant converted the policy goes only to the value of the benefit, not to whether it is properly a fringe benefit to be considered in determining average weekly wage. See Martinez v. Inland Container and Crawford & Company, 490 So.2d 1058 (Fla. 1st DCA 1986).
We also agree with claimant that the deputy should have ruled on the claim for medical benefits. The issue was properly noticed, and evidence was adduced relating to it. The deputy must rule on every issue that is ripe and presented before him. Washington Square Associates, Ltd. v. Bourne, 408 So.2d 809, 810 (Fla. 1st DCA 1982). Although no bill was introduced, an apparent oral stipulation was entered whereby.the e/c agreed to pay the bill. Either the stipulation or the deputy’s ruling on the issue if no such stipulation was intended should have been referred to in the order.
As to appellant’s remaining points asserting error in the deputy’s failure to include other alleged employment benefits in the calculation of average weekly wage, we find such assertions to be without merit.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
BOOTH, C.J. and JOANOS, J., concur.