ZEHMER, Judge.
Wayne Holland, the claimant in this, workers’ compensation proceeding, seeks appellate review of an order of the Judge of Compensation Claims which granted the employer and carrier’s motion for leave to take the deposition of Dr. Thomas W. Broz- *788 ka in Irving, Texas, pending the appeal of the judge’s final order denying permanent total disability benefits.[1] The order now before us also denied appellant’s motion for a protective order to prevent the taking of that deposition. We are confronted with several issues: (1) whether the order granting leave to take a deposition pending appeal in a workers’ compensation proceeding is governed by rule 1.290(b), Fla.R.Civ.P.; (2) whether that order is appealable or can only be reviewed by certiorari; and (3) whether the order was properly entered in compliance with the requirements of rule 1.290(b). For the reasons hereafter discussed, we conclude that the motion and order are governed by rule 1.290(b), that the order is appealable as a final order, and that the court erred in granting leave to take the deposition.
The claimant, after a hearing on remand pursuant to our decision in Courtesy Corp. v. Holland, 538 So.2d 545 (Fla. 1st DCA 1989), was denied permanent total disability benefits because his current job was found not to be sheltered employment. That final order is now on appeal and, as a result, no issues remain pending for decision by the judge below. More specifically, there is no issue regarding whether claimant had reached maximum medical improvement still before the judge.
After the appeal from the order denying permanent total disability benefits had been perfected by claimant, the employer and carrier, on February 6, 1990, served a notice of taking the deposition of Thomas W. Brozka in Irving, Texas, on June 25, 1990. On February 8, 1990, claimant’s attorneys filed a motion for protective order as to the noticed deposition, alleging “That there is now pending no issue known to Claimant’s counsel which would warrant said deposition.” A hearing on the motion was held on March 5 and the matter was apparently submitted upon oral argument and written memoranda of law. Claimant took the position that since an appeal was pending a witness could be deposed only after obtaining an order in compliance with rule 1.290(b). The employer and carrier argued that this rule was not applicable to workers’ compensation proceedings. Subsequently, the employer and carrier filed a motion for leave to take the deposition of Brozka while the appeal was pending. The motion alleged in pertinent part:
2. Employer/Carrier desires to take the deposition of Dr. Thomas W. Brozka, 3501 North McArthur, Suite 200, Irving, Texas, to perpetuate his testimony for use in the event of further proceedings before the Judge of Compensation Claims.
3. The substance of the testimony which the Employer/Carrier expects to elicit from Dr. Brozka is: Whether or not the claimant has reached the date of maximum medical improvement.
4. The reasons for perpetuating the testimony of Dr. Brozka are (a) to set forth the resources which are available at Dr. Brozka’s facility to assist the Claimant in his treatment and care and (b) to enumerate the steps that are available to assist the Claimant reach a date of maximum medical improvement.
Claimant filed a response objecting to the deposition. The matter was considered on the pleadings, and memoranda, and by order entered on March 29, 1990, without further hearing, the judge of compensation claims denied the motion for protective order and granted the motion for leave to take the deposition. The order did not contain any findings or explication of the basis for entering it. Claimant sought a rehearing, but perfected this appeal within 30 days before the judge ruled on the motion for rehearing. See Parsons v. Orkin Exterminating Co., 508 So.2d 529 (Fla. 1st DCA 1987).
First, we address the applicability of rule 1.290(b) in this workers’ compensation proceeding. As a general rule, once an appeal of a final order or judgment has been perfected, the lower tribunal loses jurisdiction of the case until all appellate *789 proceedings have been completed and mandate has issued to that tribunal. Ward v. State, 405 So.2d 503 (Fla. 2d DCA 1981). Rule 4.200, Florida Workers’ Compensation Rules of Procedure, makes this principle applicable in workers’ compensation proceedings. In workers’ compensation proceedings, discovery by deposition may be had as provided in the Florida Rules of Civil Procedure. § 440.30, Fla.Stat. (1989); Rule 4.090(e), Fla.W.C.R.P. Rule 1.290(b) of the Florida Rules of Civil Procedure, in recognition of the fact that there may be exceptional occasions when it is necessary to perpetuate the testimony of a witness pending the outcome of an appeal, provides for “the taking of depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court.” [2] Thus, we hold that rule 1.290(b) governs a party’s right to take deposition testimony regarding issues that have been appealed to the district court of appeal in workers’ compensation proceedings.
We next address the proper method of appellate review of an order on a rule 1.290(b) motion. Section 440.271, Florida Statutes (1989), states: “Review of any order of a judge of compensation claims entered pursuant to this chapter shall be by appeal to the District Court of Appeal, First District. Appeals shall be filed in accordance with rules of procedure prescribed by the Supreme Court for review of such orders.” The First District Court of Appeal has jurisdiction to hear appeals from final orders of lower tribunals as provided in rule 9.110, Fla.R.App.P., and in some instances to review nonfinal orders as provided in rule 9.130, Fla.R.App.P. E.g., 57 Fla.Jur.2d Workers’ Compensation §§ 507-509. See generally, La Croix Construction Co. v. Bush, 431 So.2d 712 (Fla. 1st DCA 1983); State, Department of Health & Rehabilitative Services v. Waters, 416 So.2d 903 (Fla. 1st DCA 1982); Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982); General Electric Co. v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982).
The employer and carrier contend that the appealed order is not a final order and cannot be appealed as such. They also argue that it is not a type of nonfinal order that may be appealed under rule 9.130. Thus, they argue, it is simply a discovery order that can only be reviewed by certiorari with the scope of review being so limited, citing Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA 1983), rev. denied, 441 So.2d 631 (Fla.1983), a case that involved review of pretrial discovery orders issued while the matter was pending before the lower court. We reject the employer’s and carrier’s argument because it is based on a misconception of the true nature of the order entered in this case.
When the final order denying PTD benefits was appealed, no issues in this case remained pending before the judge below for further hearing and disposition. The motion for leave to perpetuate testimony, when filed, was the only matter before the judge, and disposition of that motion left nothing further for the judge to consider. “The traditional test usually employed by the courts of this state in determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.” Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334, 338 (Fla. 1st DCA 1966). Therefore, in the classic sense, the order appealed in this case is a *790 final order because it disposed of all matters then pending before the judge.[3] See Ash v. Cort, 512 F.2d 909 (3d Cir.1975).[4]
Addressing the final issue, we conclude that the appealed order must be reversed because the motion and record before us do not support the entry of an order allowing a deposition to be taken pursuant to rule 1.290(b). The motion filed in this case obviously fails to allege the essential requirements for relief under this rule. Although the motion does identify the name and address of the witness to be deposed and states the purpose “to perpetuate his testimony for use in the event of further proceedings before the Judge of Compensation Claims,” it does not set forth “the substance of the testimony” that the employer and carrier expect to elicit, and fails to set forth an adequate “reason for perpetuating” this witness’s testimony. Nor does the record otherwise establish these missing elements, even if these deficiencies in the motion could be overcome by the presentation of affidavits or other evidence at a hearing for this purpose. There is nothing in the appellees’ motion or in this record that would support a finding by the judge below that the perpetuation of the named witness’s testimony is proper to avoid a failure or delay in justice, as required by the rule. The appealed order contains no such finding, apparently because the judge below erroneously accepted appellees’ argument that rule 1.290(b) is not applicable to this matter.
The employer and carrier cite Chaachou v. Chaachou, 102 So.2d 820, 821 (Fla. 3d DCA 1958), for the proposition that a motion pursuant to rule 1.290(b) “should be granted as a matter of course, unless the trial judge, who is already familiar with the case, finds that there is some reason that the preservation'of testimony is not proper.” We note, however, that Chaachou involved an appeal from an interlocutory order, which obviously left the case and other issues pending in the trial court, and we distinguish it for that reason. The quoted dictum from that case must be read in the context of the circumstances involved.
Again, we look to the federal cases construing and applying federal rule 27, and find that almost uniformly the federal courts have held that a rule 27 motion and supporting affidavits or other evidence must show some reason for perpetuating the testimony to preserve evidence that could otherwise be lost, as that rule does not provide a substitute for general discovery. See, e.g., Ash v. Cort, 512 F.2d at 912-13 (Conclusory statements that there is a substantial risk that testimonial evidence may become unavailable because witnesses are old and memories may fade were held insufficient because the statements do not “show that evidence is likely to be lost while the appeal is pending.”); Windsor v. A Federal Executive Agency, 614 F.Supp. 1255, 1264-65 (M.D.Tenn.1983), affirmed, 767 F.2d 923 (6th Cir.1985) (Rule 27(b) motion lacks merit if it fails to allege facts showing that deposition is necessary to prevent testimony being lost.); Murr v. Stinson, 582 F.Supp. 230, 231 (E.D.Tenn. 1984) (“Plaintiff has not shown, by affidavit or otherwise, that evidence is likely to be lost while the appeal is pending. Plaintiff has not shown that the defendant will be unavailable to give testimony should further proceedings become necessary; al *791 legations of inconvenience are not sufficient.”)- See generally, Annot., 60 A.L.R. Fed. 924 (1982).
REVERSED.
JOANOS and WIGGINTON, JJ., concur.

. That appeal, case number 89-2339, is currently pending decision in this court by another panel.

. That rule explicitly states:
In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action was pending in the court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each and (2) the reason for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay in justice, it may make an order allowing the deposition to be taken and may make orders of the character provided for by these rules....
(Emphasis added.) The language of this rule is almost identical to the language used in rule 27, Fed.R.Civ.P.

. We recognize that appellees' motion to dismiss the appeal was denied on the premise that this appeal could proceed under rule 9.130(a)(4), Fla.R.App.P., as from a nonfinal order entered after final order on an authorized motion. While that treatment of the order undoubtedly would be appropriate if other matters remained pending before the judge in this case, upon further research and consideration, we now conclude the order was final, as explained in the text.

. As rule 27(b), Fed.R.Civ.P., is almost identical to Florida rule 1.290(b), it is appropriate to refer to federal decisions construing and applying such rule. 13 Fla.Jur.2d Courts and Judges § 160 (1979). In Ash v. Cort, the federal court of appeals explicitly ruled that an order entered under federal rule 27(b) is a final order appeal-able under 28 U.S.C. § 1291, reasoning that when a rule 27(b) motion is filed after an appeal of a final order has been taken, that motion is the only matter pending before the district court, and when it is granted or denied the order is deemed final because it disposes of the only pending matter. 512 F.2d at 912.