565 So.2d 394 (1990)
Delores JONES, Appellant,
v.
ASSOCIATES FINANCE INC. and Robert Loyd Jones, Appellees.
No. 89-1239.
District Court of Appeal of Florida, First District.
August 9, 1990.
Bill A. Corbin, Blountstown, for appellant.
Don D. Dye of The Dye Law Firm, P.A., Tallahassee, for appellees.
NIMMONS, Judge.
This is an appeal from a summary judgment of foreclosure entered in favor of the appellee/plaintiff below. The only meritorious issue raised on this appeal concerns the trial court's award of attorney's fees. The full extent of the final judgment's treatment of the attorney's fee award is set forth as follows:
There is hereby allowed the sum of $800 to be paid to plaintiff's attorney of record for his services relative to the prosecution of this suit, which sum is hereby found to be a reasonable fee.
The Supreme Court's decision in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) requires the trial court to make specific findings of fact as to the reasonable number of hours expended, the normal hourly rate, and the appropriateness of increasing or decreasing the lodestar. The requirements of Rowe are mandatory and the failure to make the requisite findings constitutes reversible error. Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
The final judgment is reversed only with respect to the award of attorney's fees; *395 otherwise the judgment is affirmed. The cause is remanded for the entry of an amended final judgment after appropriate proceedings to determine a reasonable attorney's fee.
SMITH and ALLEN, JJ., concur.