ERVIN, Judge.
In this dissolution proceeding, the former wife challenges the trial court’s award of $1,000 in rehabilitative alimony, contending that it should have been permanent, periodic alimony, rather than rehabilitative, and that the amount of alimony should have been greater. She also asserts that the trial court erred by requiring her to pay one-half of the minor children’s extraordinary medical, dental, optical, orthodontic and psychological expenses that are not covered by insurance, and by directing that the former husband’s obligation to maintain life insurance as security for child support and alimony terminate upon the end of child support or the former husband’s retirement, whichever occurred later.
Although we find no abuse of discretion in the requirement that the former wife pay one-half of the uninsured expenses and in the amount of alimony, we agree with the former wife that the alimony should have been classified as permanent, periodic alimony. See Fontana v. Fontana, 617 So.2d 418 (Fla. 1st DCA 1993); Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Akers v. *701 Akers, 582 So.2d 1212 (Fla. 1st DCA), review denied, 592 So.2d 679 (Fla.1991); Wolff v. Wolff, 576 So.2d 852 (Fla. 1st DCA 1991). In light of our disposition of the alimony issue, the trial court, on remand, may reconsider the insurance issue.
AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with this decision.
BARFIELD and WEBSTER, JJ., concur.