LEVY, Judge.
Appellant Home Insurance Company appeals the trial court’s denial of its Florida Rule of Civil Procedure 1.290 petition to perpetuate testimony[1] and an award of attorney’s fees entered, pursuant to Section 57.105 Florida Statutes, in favor of the appel-lees and against the appellant. Home Insurance sought to depose the records custodian of a health-care provider in order to obtain the medical records of the appellees, Felix and Claudia Gonzalez. Although no lawsuit had been filed by the Gonzalezes, Home Insurance apparently anticipated that the Gon-zalezes would be making a claim against one of Home Insurance’s insureds.
We find that the trial court properly denied Home Insurance’s petition for two reasons. First, Rule 1.290(a)(1) requires a petition filed pursuant to it to set out “the facts which the petitioner desires to establish by the proposed testimony.” This is because the rule is intended to be used only for the preservation of evidence, and not as pre-suit discovery. See 30 Fla.Stat.Ann. 428 (1985) (1967 author’s comment to Rule 1.290: “The rule is intended only for the perpetuation of testimony; it is not a discovery procedure. It is not to be used for the purpose of discovery before action is commenced.”); see also Henry P. Trawick, Jr., Florida Practice and Procedure, § 17-1 (1993 ed.) (“Perpetuation of testimony is not discovery.”).
Second, Rule 1.290(a)(1) requires the petition to state “the petitioner’s reasons for desiring to perpetuate” the testimony. This requirement embodies the underlying purpose of the rule, which is to prevent the loss or destruction of evidence prior to the commencement of suit. See Holland v. Courtesy Corp., 563 So.2d 787, 790 (Fla. 1st DCA 1990); Plevy v. Plevy, 438 So.2d 1053, 1055 (Fla. 4th DCA 1983); see, e.g., Florida Keys Boys Club, Inc. v. Pelekis, 265 So.2d 58, 59 (Fla. 3d DCA 1972) (holding that a Rule 1.290 deposition was appropriate where an elderly party might predecease the trial date); see also Ash v. Cort, 512 F.2d 909, 912 (3d Cir.1975) (The analogous federal rule, Fed.R.Civ.P. 27, “is available in special circumstances to preserve testimony which could otherwise be lost.”). Home Insurance’s petition is devoid of any specific alle *293 gations that the records which they sought were in jeopardy of being lost or destroyed, and no such indication appears in the record on appeal. Consequently, the petition was properly denied for this reason as well.
Now, turning to the award of attorney’s fees in favor of the Gonzalezes, an examination of the record reflects that the trial court’s attorney’s fee order is deficient because it failed to set out the basis and reasons for finding an entitlement to attorney’s fees, and also failed to make findings regarding the number of hours, the hourly rate, and any multiplier, which were employed in calculating the fee amount. See Standard Guar. Ins. Co. v. Ouanstrom, 555 So.2d 828 (Fla.1990); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982); State Farm Mut. Auto. Ins. Co. v. Gil, 573 So.2d 90 (Fla. 3d DCA 1991); Harrison v. Grubb, 567 So.2d 56 (Fla. 2d DCA 1990); Jones v. Associates Fin. Inc., 565 So.2d 394 (Fla. 1st DCA 1990). Accordingly, that award must be reversed so that the trial court can further consider the question of attorney’s fees. In so doing, we express no opinion as to whether attorney’s fees should or should not be granted upon remand.
Affirmed in part, reversed in part, and remanded.

. Rule 1.290 states, in part:
DEPOSITIONS BEFORE ACTION OR PENDING APPEAL
(a) Before Action.
(1) Petition. A person who desires to perpetuate that person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner's interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner's reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each; and shall ask for an order authorizing the petitioner to take the deposition- of the persons to be examined named in the petition for the purpose of perpetuating their testimony.