661 So.2d 351 (1995)
T.G.G., Father of J.L.G., a child, Appellant,
v.
P.M.L., n/k/a P.M.S., Mother of J.L.G., a child, Appellee.
No. 94-3739.
District Court of Appeal of Florida, First District.
October 5, 1995.
Frederick J. Gant of Allbritton & Gant, P.A., Pensacola, for Appellant.
No appearance, for Appellee.
ERVIN, Judge.
Appellant, T.G.G., appeals a judgment of attorney's fees and costs entered in his custody dispute with appellee, P.M.L. We reverse, because the trial court failed to make a specific finding, which is mandatory, regarding the number of hours appellee's counsel reasonably expended in this case. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Loper v. Allstate Ins. Co., 616 So.2d 1055 (Fla. 1st DCA 1993); Jones v. Associates Fin., Inc., 565 So.2d 394 (Fla. 1st DCA 1990). Even when there is competent, substantial evidence in the record to support a court's award of attorney's fees, the case must be reversed for further proceedings if the court failed to set forth the specific findings required by Rowe. Park Lane Condominium Ass'n v. DePadua, 558 So.2d 85 (Fla. 1st DCA 1990); Hoffay v. Hoffay, 555 So.2d 1309 (Fla. 1st DCA 1990); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
Because we are reversing on appellant's first issue, we do not reach his second.
REVERSED and REMANDED.
MICKLE and LAWRENCE, JJ., concur.