683 So.2d 205 (1996)
Jim PATTERSON, Appellant,
v.
Maria Eugenia CUERVO, Appellee.
No. 96-700.
District Court of Appeal of Florida, Third District.
November 27, 1996.
*206 Jim Patterson, in pro. per.
Rosemary B. Wilder, Fort Lauderdale; Sherrie B. Marcus, Miami, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
PER CURIAM.
Jim Patterson appeals a final judgment of paternity asserting, inter alia, that the trial court erred in ordering him to pay one-half of the uncovered future medical expenses of the child, and in awarding the mother attorney's fees. We affirm.
We find no abuse of discretion in the trial court's award of attorney's fees. The court's findings satisfy the Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) requirements. See Rohlfs v. Rohlfs, 666 So.2d 568, 572 (Fla. 3d DCA 1996) (fee award reversed because order devoid of findings delineating hourly rate or hours reasonably expended); Home Ins. Co. v. Gonzalez, 648 So.2d 291, 293 (Fla. 3d DCA 1995) (same). Moreover, the mother's attorney met her burden of substantiating the award by competent evidence. Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990).
We also affirm the court's order that the father pay one-half of the child's health insurance deductible and medical expenses not covered by health insurance. The father argues that the award is flawed as an openended award of uncovered medical expenses. However, the specific provision in the final judgment reads as follows:
6. [Father] shall be responsible to supply medical insurance for the minor child and [Mother] must use the services so provided by said insurance. Any deductible or uncovered medical expenses shall be equally shared as follows: The [Mother] shall pay the first $25.00 with the [Father] paying the next $50.00 and the [Mother] pays the next $25.00. The court finds that neither has the means to pay more at this time.
This provision does not order the Father to pay all uncovered medical expenses. Rather, the expenses are to be shared equally by the parents. Imami v. Imami, 584 So.2d 596 (Fla. 1st DCA 1991). It is implicit in the court's award that the expenses be reasonable and necessary, particularly in view of the court's recognition and consideration of the parties' limited financial abilities. Monas v. Monas, 665 So.2d 346 (Fla. 4th DCA 1995); Fitch v. Fitch, 643 So.2d 700 (Fla. 1st DCA 1994); Armstrong v. Armstrong, 623 So.2d 1216 (Fla. 4th DCA 1993); Imami. But see McDaniel v. McDaniel, 653 So.2d 1076 (Fla. 5th DCA 1995) (error to order spouse to pay uncovered medical expenses without setting specific dollar amount of liability). Additionally, the father is entitled to seek modification of this support award should this become necessary. See Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989).
Father's remaining points lack merit.
Affirmed as corrected.[1]
NOTES
[1] The judgment is hereby corrected to reflect that the father is ordered to pay $118 monthly for child care expenses, as the court announced at the final hearing, not $100, as stated in the final judgment.