Arden Kuhn, by his next friend and Attorney, Wm. C. Pierce, *Plaintiff in Error*, v. State of Florida, *Defendant in Error*.

Division A.

Opinion filed July 25, 1929.

*Zewadski & Pierce,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, J.—Plaintiff in error made application to the Criminal Court of Record of Hillsborough County for writ of error *coram nobis* for the purpose of having set aside an alleged judgment of conviction of a criminal offense, rendered by said courts, on the ground that plaintiff in error was insane at the time of his trial and conviction, which fact was not then known to court or counsel. The court sustained a demurrer to the petition for the writ, and petitioner took writ of error. It appears from the record that the judgment thus attacked was not a valid or effective judgment, in that it contained no adjudication by the court of the defendant's guilt of the crime charged, or any other for that matter. See Neoma Cauhn, alias Naomi Kuhn, et al., v. State, decided at the present term. If another remedy exists, writ of error *coram nobis* should not be granted. Lamb v. State, 107 So. R. 535, 91 Fla. 396. And to authorize such a writ for the setting aside, upon appropriate grounds, of a judgment which had theretofore been rendered against the petitioner, it must be made to appear that the judgment attacked was *prima facie* at least, a valid and effective one.

If the judgment complained against be invalid or ineffective, the petitioner has other remedies. While this point was not raised by the demurrer, it renders the action of the court below harmless to plaintiff in error, and we deem it sufficient to warrant this court in dismissing the writ of error without prejudice. It is so ordered.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.