JEFF KINSEY v. STATE OF FLORIDA

19 So. (2nd) 706                                      June Term, 1944
November 10, 1944                                       En Banc

*R. C. Horne, S. D. Clarke* and *William McChesney,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

THOMAS, J.:

We have now under consideration the petition of Jeff Kinsey for permission to apply to a judge of the Third Judicial Circuit for a writ of error coram nobis to review a situation which he claims evolved in the trial of his case and resulted in a void judgment.

Before discussing the contents of the petition and its merits we shall give in abbreviated form the history of Jeff Kinsey's prosecution. He was indicted for the larceny of two animals, convicted, and sentenced to the penitentiary. Upon appeal the judgment was affirmed in an opinion filed 7 December 1943. Jeff Kinsey v. State, 153 Fla. 750, 15 So. 2nd 753. Many months later he applied to the circuit court for a writ of habeas corpus, charging that he had been convicted upon an indictment which became void when the prosecuting officer amended it after the formal charge had been returned by the grand jury. The circuit judge quashed the writ, and the matter reached us on appeal from that order. We held, in substance, that the ruling was correct because the judg-

ment, having been affirmed, became one of this Court, hence could not be assailed in any other tribunal save a federal court having jurisdiction; also because habeas corpus as here employed constituted a collateral attack which could not be supported by matters dehors the record. To state it otherwise, the petitioner could not prevail unless upon the face of the original record in the prosecution the judgment appeared void. No such condition was disclosed. From a photostatic copy of the indictment filed in the habeas corpus proceeding it was shown that an interlineation had been made subsequent to the typing of the instrument, whether before return or afterward has not so far been established.

We said in our opinion in the habeas corpus appeal: "For aught the original record shows this [the revision] may have been done before the indictment was returned," and we have emphasized here that it was from the photograph filed in the habeas corpus proceeding we were apprised of the alteration. In the interest of accuracy it should be said that about four months after the appeal in the original case was taken and jurisdiction attached here, there was filed in the circuit court an affidavit setting out the change of the indictment subsequent to its return by the grand jury. Obviously this affidavit had no proper place in the record, had no efficacy. As it was ignored in the other appeals, we shall disregard it now.

This brings us to the renewed attack. It is petitioner's contention that by writ of error coram nobis he may develop extrinsic facts demonstrating the alteration by the state attorney of material allegations so that the prosecution proceeded thenceforward upon an indictment which was void. Inasmuch as a writ of this character is available only when no other remedy exists, as we shall later repeat in defining its scope, it is imperative that the judgment appear prima facie valid. Kuhn v. State, 98 Fla. 206, 123 So. 755.

It may be said, generally, that this is the proper method of presenting matters not of record which would evidence the voidness of a judgment. The petitioner to be successful must aver circumstances which, assumed for the present to be true, would entitle him to the writ; he must, in his applica-

tion to this court for permission to assail a judgment which has been affirmed, fully disclose the facts relied upon to warrant a writ of error coram nobis. Washington v. State, 92 Fla. 740, 110 So. 259. The prerequisites to issuance of the writ were assembled in our opinion in Nickels v. State, 86 Fla. 208, 98 So. 502, when we first recognized the procedure. As we have said, it was intended to supply a remedy where no other was available to bring to the notice of the court a *fact* which would, if known at the time, have prevented entry of the judgment. To justify issuance of a writ the vital fact must have been absent from the record, unknown to the court, and of such consequence as to have precluded, had it been known, pronouncement of the judgment; also it must appear that the defendant and his counsel (Lamb v. State, 91 Fla. 396, 107 So. 535) not only were ignorant of the fact but could not have known it by the use of diligence in time to present it to the court, unless excused by fear, duress, fraud, or the like. The principle and purposes of the writ and its limited operation have been often enunciated by this Court in considering its application to peculiar circumstances such as newly discovered evidence (Lamb v. Harrison, 91 Fla. 927, 108 So. 671) and belated challenge of a disqualified juror (Chesser v. State, 92 Fla. 754, 109 So. 906).

We shall now analyze the petition to test its averments by the rules we have reviewed. It contains a brief history of the prosecution from the return of the indictment to the affirmance by this Court of the judgment of conviction and the order in the habeas corpus proceeding. It embodies statements with reference to the return of the indictment and its material alteration by the state attorney without re-submission to the grand jury, and it bears the assertion that the unauthorized amendment did not come to the knowledge of the pettiioner or his *then* attorney until long after his trial and not until the appeal to this court had been perfected. It should be said here in justice to counsel that the attorney representing him in the instant matter did not defend him in the actual trial. The averments of want of knowledge on the part of the petitioner and his counsel are neutralized, however, by the representation that "appellant is now advised

that said alteration and change of said indictment was acquiesced in by his then counsel . . . and was brought to the attention of the . . . Judge of said Circuit Court presiding at said trial, but there was no formal application made therefor, nor any formal order of the Court permitting said alteration or change, nor any entry upon the minutes of said Court being made in reference thereto."

We have re-examined the record of the appeal, and it discloses no effort whatever on the part of the defendant or his counsel at any state of the trial to raise any objection to the form of the indictment, and, the petition notwithstanding, there was ample opportunity to make the challenge. Plainly the point could have been saved there and advanced before this court in the appeal so that defendant could have taken advantage of any error without resorting to coram nobis. Therefore, the first rule we have cited from Nickels v. State, supra, is violated because the writ is not availing if any other remedy is afforded.

It cannot be said that the *fact,* if known to the judge, would have precluded entry of the judgment, or that he could not have known it, or that defendant or counsel could not have known it, for, from the petition itself, the judge was informed of the fact and defendant's counsel acquiesced. This situation may not be explained away by statements that no formal application was presented, or order entered or entry made in the minutes. As for fraud, duress, or any other such element, we need only remark that the petition on this score is silent.

Abundant opportunity was given petitioner's counsel to question the indictment at the trial, to object to evidence corresponding to the changed description, to lay a foundation in the event of adverse rulings for a review in this Court. Naturally no such course was pursued in view of the acquiescence.

It is not the purpose of the writ of coram nobis to supplement or supersede appeal. Where fraud, duress, coercion, and the like are not mentioned, where the trial judge and the defendant and his counsel knew of the revision, where no objection was raised as the trial progressed and no proper

challenge was made in the appellate court we find no sound reason to grant the permission to apply to the circuit judge for the writ.

Only one other point seems to require attention. The petitioner has argued that the court never acquired jurisdiction, that is, the circuit court. Patently it had jurisdiction to try the particular offense. Whether it could have lost it when a material alteration of the indictment was made without warrant we shall not pause to discuss. The petitioner, then appellant, did invoke the jurisdiction of this Court in the appeal, and then and there he became amenable to any judgment which might eventually be entered against him. When the judgment of conviction was affirmed it became the judgment of this Court. Incidentally, it is for that reason neither habeas corpus nor coram nobis could be entertained originally by the trial court. In all these circumstances it is much too late to raise the question of jurisdiction.

Careful study of the records and the points involved convinces us that the application should be denied.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.