439 So.2d 872 (1983)
Joseph Green BROWN, Appellant/Petitioner,
v.
STATE of Florida, Appellee/Respondent.
Nos. 64348, 64357.
Supreme Court of Florida.
October 12, 1983.
*873 Richard Blumenthal of Cummings and Lockwood, Stamford, Connecticut, for appellant/petitioner.
Jim Smith, Atty. Gen., and Theda James Davis and Davis G. Anderson, Jr., Asst. Attys. Gen., Tampa, for appellee/respondent.
PER CURIAM.
Joseph Green Brown was convicted of first-degree murder and sentenced to death in 1974. We affirmed his conviction and sentence. Brown v. State, 381 So.2d 690 (Fla. 1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981). Subsequently we denied his petition for writ of habeas corpus. Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). Brown filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the trial court denied following an evidentiary hearing limited in scope to his claim of ineffective assistance of counsel. Brown now appeals the denial of his motion for post-conviction relief. He moves for a stay of execution and petitions for a writ of error coram nobis.
As grounds for the writ, Brown contends that facts have been brought to light which were unknown at the time of trial and which could not have been known by counsel through the exercise of due diligence. Brown has secured a videotape deposition of the state's key witness against him, now recanting his trial testimony implicating Brown in the murder for which he was convicted and sentenced. The witness, Ronald Floyd, states that his motivation for *874 testifying against Brown was Brown's willingness to testify against Floyd in a separate case, along with alleged threats by the Tampa Police Department and State Attorney's Office that he would be prosecuted for the crime with which Brown was charged unless he testified against Brown. Floyd states that in return for his testimony he was promised that he would not be prosecuted for the murder and that he would receive favorable consideration in a separate case in which he was charged. Brown contends that this new evidence is of such a vital nature that, had it been known to the trial court, it conclusively would have prevented entry of the judgment. We would be more amenable to Brown's position had we not previously remanded to the trial court for an evidentiary hearing on the issue of the truthfulness of Floyd's statements in a previous affidavit recanting his trial testimony and vindicating Brown.
The first time Floyd recanted, Brown's counsel secured a post-trial affidavit from him stating that his trial testimony was false and that it was given in return for a prosecutorial offer of favorable consideration. This Court granted Brown's motion to remand for an evidentiary hearing. At that hearing, Floyd reaffirmed his trial testimony as to Brown's involvement in the murder. The issue of whether Floyd's retraction was caused by fear of prosecution for perjury, which Brown now raises, was discoverable by defense counsel at that hearing. Counsel failed at the time of the hearing to object to admonitions from the court regarding perjury and did not bring up the issue on appeal. The perjury issue therefore was known or could have been known to Brown's counsel and is not now cognizable under application for writ of error coram nobis. We have reviewed the transcript of Floyd's recent recantation of October 4, 1983. We find nothing new which has not or could not have been considered and ruled upon by the trial court during the first evidentiary hearing. As we stated in Hallman v. State, 371 So.2d 482, 485 (Fla. 1979),
[t]he facts upon which the petition [for writ of error coram nobis] is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence. Kinsey v. State, 155 Fla. 159, 19 So.2d 706 (1944).
The application for writ of error coram nobis is denied.
At the hearing on Brown's 3.850 motion, the issue of ineffective assistance of counsel at the guilt and sentencing phases of the trial was examined in depth. We have reviewed the record and find that the trial court's finding that counsel was not ineffective is supported by competent substantial evidence.
The focus of the hearing regarding the guilt phase of the trial was upon whether counsel was ineffective because he did not obtain and make use of statements of Floyd which contained information which would have cast doubt on Floyd's credibility during cross-examination. In Brown v. State we remanded to the trial court for an evidentiary hearing on the issue of whether statements of Floyd were in the possession of the state and not produced for the defense. The trial court determined that counsel had access to all of the statements to which he was entitled and we affirmed. 381 So.2d at 693. Applying the standard of Knight v. State, 394 So.2d 997 (Fla. 1981), we do not find that not using the statements to impeach Floyd amounted to an omission which was a "substantial and serious deficiency measurably below that of competent counsel." Id. at 1001. Even if it did, we do not find that the omission was likely to affect the outcome of the proceedings. The record reflects that counsel used other means of impeaching Floyd. The remaining arguments relating to counsel's ineffectiveness at the guilt phase of trial either involve trial tactics or fail to demonstrate any substantial and serious deficiency measurably below that of competent counsel under Knight.
The other issues raised concerning alleged trial errors either were or should have been raised and disposed of on direct appeal and *875 are not proper for consideration via a post-conviction motion. Foster v. State, 400 So.2d 1, 4 (Fla. 1981).
The principal issue at the evidentiary hearing regarding the sentencing phase of the trial was whether trial counsel was ineffective in not introducing evidence in mitigation. The choice by counsel to present or not present evidence in mitigation is a tactical decision properly within counsel's discretion. See, e.g., Armstrong v. State, 429 So.2d 287, 290-91 (Fla. 1983); Straight v. Wainwright, 422 So.2d 827, 832 (Fla. 1982), cert. denied sub nom., McCrae v. Florida, ___ U.S. ___, 103 S.Ct. 2112, 77 L.Ed. 315 (1983).
Counsel indicated during the hearing on the 3.850 motion that, given his time and resource constraints, he felt it necessary to devote his energies to preparation for the guilt or innocence phase of the trial. He also testified that in his opinion the presentation of mitigation evidence was contradictory to the alibi defense. It is apparent that "[d]efense counsel viewed evidence of mitigating circumstances as fundamentally damaging to the integrity of his client's case." Straight v. Wainwright, 422 So.2d 827, 832 (Fla. 1982). Further, counsel testified that Brown was of no assistance whatsoever in pursuing mitigating evidence either prior to trial or during the weekend between the guilt and penalty phases. We find that under the totality of the circumstances at the time of trial, counsel was reasonably effective. See Meeks v. State, 382 So.2d 673 (Fla. 1980), cert. denied, ___ U.S. ___, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983).
The remaining arguments relating to counsel's ineffectiveness at sentencing are without merit. All of the alleged omissions fall under one or another prong of the Knight standard.
The other issues raised relating to alleged sentencing errors either were or should have been raised and disposed of on direct appeal and are not proper for consideration via a collateral motion. Washington v. State, 397 So.2d 285 (Fla. 1981); Hargrave v. State, 396 So.2d 1127 (Fla. 1981); and Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
The trial court's denial of post-conviction relief is affirmed. The application for stay is denied. No motion for rehearing will be entertained.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.