WESSEL, JOHN D., Associate Judge.
GREGORY D. ROLLE, Appellant, appeals from a judgment and conviction of First Degree Murder and sentence of life imprisonment.
During the trial a court deputy was notified by a juror (Joyce Holmes) that she recognized the main prosecution witness, Charles Wright. The Trial Court brought the juror from the presence of the other jurors and she was questioned by the Court and counsel for the appellant and the State. No motion for mistrial was lodged with the Court by either the State or defense counsel. Subsequently to the trial, the appellant in his amended motion for new trial raised the issue of the jury’s consideration of matters not in evidence.
At a post trial evidentiary hearing the juror, Joyce Holmes, testified she thought she recognized the witness Wright and thought he was her former student. She also indicated she had attended a Church where Wright’s grandfather was the minister (Wright had testified that his father' was a minister), and that it was possibly mentioned while other jurors were present.
Another juror corroborated this testimony and further indicated that Wright, the State’s main witness, had “gone down-hill” according .to Holmes.
A third juror confirmed this testimony.
The appellant failed to move for mistrial during the trial, and, accordingly, should be precluded from complaining. Clark v. State, 363 So.2d 331 (FL 1978). Also,- a defendant should not be allowed to posture himself in a position so that it may be “heads he wins, tails you lose.” Walt Disney World Co. v. Althouse, 427 So.2d 1135 (Fla. 5th DCA 1983); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981).
Additionally, the appellant had an opportunity to request of the Court the replacement of juror Holmes with one of the two alternates, which the appellant failed to do. Orosz v. State, 389 So.2d 1199 (Fla. 1st DCA 1980)
Finally, the appellant argues that the evidence received by the jury was im *1299 proper and inherently prejudiced so as to cast an onus on the State to establish that the jury was free of prejudice by this foreign evidence. Russ v. State, 95 So.2d 594 (FL 1957), says:
“If the statements by the juror are such that they would probably influence the jury, and the evidence in the cause is conflicting, the onus is not on the accused to show he was prejudiced for the law presumes he was. But it should be clearly understood that not all statements by a juror concerning evidence not properly before the jury will vitiate a verdict, even though such conduct may be improper. It is necessary either to show that prejudice resulted or that the statements were of such character as to raise a presumption of prejudice.” (Pp. 600-601)
Of course it is improper for jurors to consider or have available to them information of any source other than that appertaining to the case before them, and except which is a product of an open session in court with all parties present and before the trial judge. Nor should deliberations include matters not presented in evidence, or suppositions, rumor or street-knowledge. A jury should confine its considerations of this verdict to those matters borne out by the evidence with the application of the law charged, sound judgment, common sense and experience of every day affairs. In the instant case the trial judge had the opportunity to review the entire matter including an extensive evidentiary hearing on the issue of probable influence on the jury. We find that the record supports his exercise of discretion and his conclusion denying the appellant’s motion for new trial on the basis of jury misconduct.
The appellant next contends the trial judge denied his amended motion for new trial based on newly discovered evidence, and, accordingly, abused his discretion. We disagree. The testimony of Stuart Cameron was adduced at the eviden-tiary hearing on this motion and the trial of the co-defendant Adderly. The trial Court concluded:
(1) Much of the testimony of Cameron would not be admissible at a new trial because of the witness’ invocation of his 5th Amendment rights. See Baker v. State, 336 So.2d 364, (FL 1976). To a great extent it was mere speculation as to what Cameron would testify at a retrial of the appellant.
(2) The trial court had the unique opportunity to be present during the trial of the appellant and the separate trial of the co-defendant Adderly, and believed the same result would accrue and articulated in detail his reasons. Also see Brown v. State, 439 So.2d 872 (Fla.1983).
Accordingly, we find no abuse of discretion in denying appellant’s motion for new trial as to the newly discovered evidence of Stuart Cameron.
This Court has carefully considered the other points raised on the appeal and finds them without merit and, therefore, affirms the trial court’s decision on these issues.
AFFIRMED.
ANSTEAD, C.J., and HURLEY, J., concur.