ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
The State’s motion for rehearing in pertinent part asserts:
1. Subsequent to the issuance of this Court’s opinion, undersigned counsel for Appellee has learned that the controverted convictions of “breaking and entering” (February 15, 1982) (sic) and “escape” (October 7, 1955) were not used in computing Appellant’s presumptive pa *521 role release date (PPRD) at the time Appellant filed his motions for post-conviction relief...
2.* Counsel for Appellee very much regrets that this fact is being brought to the attention of this Court at such a late date. Appellee had contacted the Florida Parole and Probation Department regarding this case, prior to filing his answer brief but was still not made aware of the fact that Appellant had been convicted twice for breaking and entering and twice for escape. Appellee’s unfamiliarity with the process by which a PPRD is calculated and the numerical coding of the offenses within the calculations may have exacerbated the already confused situation.
3. In any event, the PPRD calculation relied upon by the trial court and by this Court was computed on March 19, 1980; however on August 3, 1984, several weeks prior to the filing of Appellant’s Rule 3.850 motion,⅜ Appellant’s PPRD was recalculated by the Florida Probation and Parole Commission so as to omit scoring for the controverted Breaking and Entering and Escape convictions.
4. As the attached Affidavit and exhibits clearly reveal, at the time Appellant filed his post-conviction relief motion, his PPRD had already been recalculated; thus the documents relied upon by Appellant were out of date and not an accurate reflection of the then existing state of affairs.
5. Thus it appears the trial court and consequently this Court were without jurisdiction to hear this cause, Rule 3.850 Fla.R.Crim.P., or at least were being asked to determine an issue which was moot.
6. Appellee recognizes this matter was not presented to the trial court nor to this Court, but Appellee submits no purpose can be served by not acknowledging the Probation and Parole Commission’s applicable PPRD calculation, which clearly does not include the convictions about which Appellant complains.
Appellant’s response in pertinent part is as follows:
1. Appellee’s motion is based totally on documents outside the record on appeal. The law is clear that matters outside the record may not be made the subject of a motion for rehearing. North Brevard County Hospital Dist., Inc. v. Florida Public Emp. Relations Commission, 392 So.2d 566 [556] (Fla. 1st DCA 1983 [1980]). Additionally, even if these documents had been in the record, Appellee cannot raise this argument for the first time on rehearing. Polyglycoat Corp. v. Hirsh [Hirsch] Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983) (Appellee did not allude to Appellant’s failure to make objection until motion for rehearing). The state was never prevented from introducing these documents at the post-conviction relief hearing. Consequently, Appellee’s motion must be denied.
2. If the parole commission document of August, 1984 is legitimate, Appellant may not have been aware of the Parole Commission’s Sua Sponte restructuring of his PPRD when he was moving for post-conviction relief. But, more importantly, this Court’s decision, based on the record before it, is based on sound analysis and is correct.
3. In a similar situation, the Second District Court of Appeal in Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1985 [1975]), treated a motion under Fla.R.Crim.P. 3.850 as a writ of coram nobis where it was determined that the Appellant was no longer in custody under the uncoun-seled convictions. Should this Court decide to rehear this cause, Appellant requests that Appellant’s appeal be treated as a writ of coram nobis.
We deny appellant’s request that the appeal be treated as a writ of coram nobis. Hallman v. State, 371 So.2d 482 (Fla.1979); Kinsey v. State, 155 Fla. 159, 19 So.2d 706 (1944), certiorari denied, 324 U.S. 846, 65 S.Ct. 678, 89 L.Ed. 1407 (1945).
We agree with appellee that the issue is moot and that the appeal should be *522 dismissed. We do so and vacate the original opinion, which provides for what we now know to be a useless act. The fact that we have learned the true state of the facts at this late date does not preclude our action. See Barnes v. Lincoln National Life Insurance Company, 330 So.2d 119 (Fla. 1st DCA 1975); Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984). As said, “Better late...”
HERSEY, C.J., and BARKETT, ROSEMARY, Associate Judge, concur.