PER CURIAM.
The appellant, Joseph Ripley, IV, challenges an order by which his motion for posteonviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, was denied. He raises four grounds allegedly entitling him to postconviction relief. Grounds one, three, and four are without merit or refuted conclusively by the record, and, accordingly, we affirm them without discussion. However, ground two, through which appellant seeks to withdraw his guilty plea due to ineffective assistance of counsel, is not refuted conclusively by the record. Therefore, we must reverse and’ remand for record attachments that conclusively refute this claim or for an evidentiary hearing.
As in State v. Leroux, 689 So.2d 235 (Fla. 1996), appellant alleges that when entering his plea he relied on advice of counsel as to the amount of time that he would serve in prison. Specifically, he claims that counsel promised “3 years prison time with 1/3 off and 20 days a month incentive gain time.” Instead, he received a six year prison sentence, followed by nine years of probation, and he claims that he is not entitled to nearly as much gain time as he was promised. Appellant acknowledged under oath at the sentencing hearing that his minimum sentence under the guidelines was three and one-half years. Thus, that portion of his claim is refuted conclusively. On the other hand, while the trial court asked whether anyone had promised him “any other type of sentence to cause you to plead guilty,” nothing in the record conclusively refutes “trial counsel’s alleged erroneous advice concerning ... his eligibility for gain time.” Id. at 236. Accordingly, we remand solely for a determination on the alleged promises about gain time.
AFFIRMED in part,' REVERSED in part and REMANDED;
BARFIELD, C.J., JOANOS, J., and SMITH, LARRY G., Senior Judge, concur.