706 So.2d 406 (1998)
Curtis Clyde HILL, Appellant,
v.
Christy Denise HILL, Appellee.
No. 97-662.
District Court of Appeal of Florida, Fifth District.
February 27, 1998.
*407 Charles E. Gordon, Winter Park, for Appellant.
Daniel D. Mazar of Mead and Mazar, Winter Park, for Appellee.
ORFINGER, M., Senior Judge.
Curtis Hill appeals from an amended final judgment of dissolution of marriage, and from a subsequent order holding him in contempt. No transcript of the trial proceedings was made, nor was there presented to this court a statement of the evidence pursuant to Rule 9.200(b)(4), Fla.App. R. Therefore, we cannot say that the trial court abused its discretion in the entry of the final judgment. Although a transcript of the contempt hearing is included in the record before us, we find no error in the court's order.
One provision of the amended final judgment requires discussion. It says: "The wife shall provide current levels of health insurance for the children. The parties shall divide evenly any uncovered expenses not covered as an additional form of child support." Appellant argues that this provision imposes an open-ended and unlimited financial liability on him for the children's medical expenses and is thus unenforceable, citing cases such as Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997) and Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989).
We do not find these cases controlling. Rather we look to Schellhammer v. Schellhammer, 687 So.2d 987 (Fla. 5th DCA 1997) where the dissolution judgment required the husband to pay one-half of all noncovered elective and nonelective medical expenses for the children. In that case this court modified the judgment to limit the obligation to one-half of noncovered nonelective medical expenses. In the case before us, we view the questioned provision to apply only to nonelective reasonable and necessary medical expenses, and we modify the amended final judgment to so provide. See also Patterson v. Cuervo, 683 So.2d 205 (Fla. 3d DCA 1996).
Except as modified herein, this amended final judgment and order of contempt are affirmed.
AFFIRMED AS MODIFIED.
COBB and ANTOON, JJ., concur.