PER CURIAM.
Romero appeals from the summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged that his plea was involuntary because it was premised on the affirmative misadvice of his counsel regarding the actual amount of time he would serve on his sentence. We reverse for further proceedings in accordance with rule 3.850.
Appellant was sentenced in accordance with his plea agreement to twelve years in prison followed by three years of probation. Once he was incarcerated, appellant learned that he would serve more than ten years of that sentence. In his postconvietion relief motion, appellant alleged that his trial counsel told him that he would only actually be incarcerated for five to six years. He claims that had he not been so misadvised, he would not have pled guilty. In denying relief, the trial court attached several items from the record, including the transcripts of appellant’s plea and sentencing hearings and the written sentence agreement.
The transcript of the plea colloquy, on which the court relied in denying relief, revealed that appellant was questioned only with regard to whether anyone had told him that the court would impose a lesser sentence than the sentence agreement indicated. We conclude that the record evidence of appellant’s understanding that a lesser sentence would not be imposed does not conclusively refute appellant’s allegation of defense counsel’s affirmative misadvice regarding the amount of time appellant would actually serve on the sentence. See State v. Leroux, 689 So.2d 235, 236 (Fla.1996) (approving reversal of summary denial where defendant alleged plea was based on affirmative misad-vice of counsel regarding the amount of time the defendant would actually serve on the sentence imposed); Eccleston v. State, 706 So.2d 368 (Fla. 1st DCA 1998); Ripley v. State, 706 So.2d 406 (Fla. 1st DCA 1998). Accordingly, the order of summary denial is reversed, and we remand the cause to the trial court for further proceedings.
MINER, BENTON and BROWNING, JJ., CONCUR.