818 So.2d 626 (2002)
Gerald Lynn BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1149.
District Court of Appeal of Florida, First District.
June 6, 2002.
*627 Gerald Lynn Bates, pro se, for Appellant.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Gerald Lynn Bates (Appellant) appeals the order summarily denying his motion for post-conviction relief filed pursuant to Wood v. State, 750 So.2d 592 (Fla.1999) (providing that all defendants previously adjudicated would have two years from issuance date of May 27, 1999, in which to file rule 3.850 motions raising claims traditionally cognizable under coram nobis). In his motion, Appellant alleged that he was entitled to withdraw his plea pursuant to Wood because his trial counsel affirmatively misinformed him of the future sentence-enhancing consequences of his plea and because his trial counsel was ineffective by failing to file a motion to suppress. We affirm on the motion to suppress claim. We also affirm on the affirmative misadvice claim but certify a question of great public importance.
On September 7, 1999, Appellant filed a Petition for Writ of Error Coram Nobis, seeking to have his 1990 conviction vacated. The trial court construed the petition as a Motion for Post-conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant alleged that he entered a plea of guilty to one count of constructive possession of cocaine on January 23, 1990, and was sentenced to 69 days in jail, with credit for 69 days served, to be followed by 12 months' probation, with early termination upon payment of court costs. His probation was terminated on February 7, 1991. He was subsequently convicted of an undisclosed felony in 1994, *628 and his 1990 conviction and sentence was used as a predicate offense to habitualize him. In his motion, Appellant alleged as his first ground for relief that his trial counsel misadvised him on the future sentencing-enhancing consequences of his plea. He contended that upon questioning his counsel about the ramifications of his plea, his counsel assured him that his offense could never be used against him and that convictions for possession of controlled substances were excluded from use as a prior offense in the habitual offender statutes. He further alleged that he would not have entered a plea but would have proceeded to trial had he been advised of the possible future sentence-enhancing consequences of his plea. As his second ground for relief, Appellant alleged that his trial counsel failed to file a motion to suppress as requested by Appellant. Appellant further alleged that had the motion to suppress been filed, he would have prevailed on the motion, and had he prevailed on the motion, he would have ultimately prevailed in the case.
The trial court found that the motion was untimely under Wood and summarily denied Appellant's motion. The trial court concluded that Appellant had failed to demonstrate that the facts upon which his motion was based were unknown to the trial court, counsel or himself or that these facts could not have been known by them through due diligence. The trial court further found that the failure of trial counsel to file a suppression motion was not a claim "traditionally cognizable in coram nobis" and that Appellant's claim of ineffective assistance of counsel for failure to file a motion to suppress was precluded based on Appellant's guilty plea.
We agree with the trial court that Appellant's claim of ineffective assistance of counsel for failing to file a motion to suppress was not a claim traditionally cognizable in coram nobis, and thus, Appellant is not entitled to the two-year window in Wood. As stated in Hallman v. State, 371 So.2d 482 (Fla.1979)[1], and reiterated in Wood:
The function of a writ of error coram nobis is to correct errors of fact, not errors of law. The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.
371 So.2d at 485 (citations omitted). The due diligence requirement associated with petitions for writ of error coram nobis applies in the context of rule 3.850 motions brought under Wood. See Wood, 750 So.2d at 595. Thus, a petition for writ of error coram nobis cannot involve facts which were or should have been known at the time of the error. In the case at bar, Appellant affirmatively stated in his petition for relief that he knew, at the time of his plea, of the facts which gave rise to filing a motion to suppress. Therefore, because Appellant knew at the time of his plea the facts giving rise to this claim, Appellant's claim is not cognizable in coram nobis. Accordingly, we affirm the trial court's denial of Appellant's claim relating to his counsel's failure to file a motion to suppress.
However, the trial court erred in finding that Appellant's claim of affirmative misadvice was untimely under Wood. Wood provided that all defendants previously adjudicated would have two years *629 from May 27, 1999, in which to file rule 3.850 motions raising claims traditionally cognizable under coram nobis. Here, Appellant was not in custody on the conviction he now challenges when he learned that counsel misadvised him, and so relief was unavailable to him under rule 3.850 as it contained a requirement, until Wood, that the movant be in custody. In fact, Appellant was never in custody for two years under his initial conviction and his motion filed on September 7, 1999, was filed within the two-year filing window under Wood. More importantly, the facts giving rise to Appellant's misadvice claim were unknown at the time he entered his plea. Therefore, Appellant's claim was timely under Wood.[2] Thus, we disagree with the trial court's rationale in summarily denying Appellant's claim of misadvise.
Although we disagree with the trial court's rationale in summarily denying Appellant's claim of misadvice, we affirm the trial court's ultimate decision to deny relief on Appellant's claim of misadvice on the future sentence-enhancing consequences of his plea. We note that this Court has long held that neither the trial court nor trial counsel must advise a defendant of possible subsequent enhancement for a plea to be valid. See Rosemond v. State, 433 So.2d 635 (Fla. 1st DCA 1983). Moreover, trial counsel need only advise Appellant of the direct consequences of his plea. See Fla. R.Crim. P. 3.172.[3] In affirming on this issue, we follow the Third District Court of Appeal's reasoning in Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997), which contains facts similar to the instant case. In Rhodes, the appellant claimed that he entered a guilty plea based on his counsel's misadvice that his drug possession conviction could not be used to enhance any future federal or state sentence. Id. at 388. The Third District held that Rhodes was not entitled to an evidentiary hearing on his affirmative misadvice claim because to do so would encourage recidivism. Id. at 389.[4]
Future possible sentence-enhancement is a collateral consequence, not a direct consequence. As stated in Rhodes, warning of future possible sentence enhancement is too attenuated at the time of the initial sentencing. To allow a defendant to withdraw his plea under such circumstances could also be viewed as inviting a defendant's recidivism: "don't plead guilty, if you're planning on committing future crimes, because your conviction of *630 this offense might be used to increase your punishment for future offenses." Lewis v. United States, 902 F.2d 576, 577 (7th Cir. 1990). Such a warning would be premature as the defendant may or may not commit any future offenses, and counsel can not accurately predict a defendant's criminal proclivities and warn them of each possible future consequence of a plea. Furthermore, the purpose of enhancement statutes is to punish and deter recidivism. See United States v. Mejias, 47 F.3d 401, 404 (11th Cir.1995). To allow Bates to withdraw his plea based on affirmative misadvice of counsel concerning future sentence-enhancing consequences of his plea would frustrate this purpose.
The dissent relies on State v. Leroux, 689 So.2d 235 (Fla.1996), and the line of cases following it, to suggest that Appellant should be entitled to an evidentiary hearing on his claim to withdraw his plea. However, the present case can be distinguished from Leroux. In Leroux, the defendant filed a rule 3.850 motion alleging that his trial counsel's advice as to the estimated time of his release based on entitlement to gain time credits constituted ineffective assistance of counsel. The supreme court reiterated that the courts have long held that "a defendant may be entitled to withdraw a plea entered in reliance upon his attorney's mistaken advice about sentencing." Id. at 237. Thus, the supreme court held that Leroux was entitled to an evidentiary hearing unless the record conclusively refuted the defendant's allegations. Id.
Leroux focused on misadvice by counsel concerning the original sentencing. That is, the consequences of the plea complained of in Leroux were known quantities (or could have been discovered) at the time of the sentencing. Here, Bates' future criminal activity was unknown (or could not have been known with absolute certainty). Enhancement depended on whether Bates decided to commit another crime in the future; it is a contingency that may or may not occur. Leroux and the line of cases following Leroux deal with effects of the plea that are certain at the time of sentencing. Therefore, these cases are distinguishable from the instant case.
We conclude that the Appellant was not entitled to an evidentiary hearing on the voluntariness of his plea where his plea was entered on the alleged misadvice of his defense counsel as to the potential for enhanced penalties for Appellant's future criminal behavior. See Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002) (holding that a "defendant is not entitled to relief where he has been given affirmative misadvice regarding the possible sentence-enhancing consequences of a plea in the event that the defendant commits a new crime in the future"). Accordingly, although we find the trial court's reasoning for summary denial to be erroneous, we affirm the trial court's ultimate decision to deny relief on Appellant's affirmative misadvice claim.[5]
In reaching this conclusion, we recognize that the Florida Supreme Court has recently held that neither the trial court nor counsel has a duty to inform a defendant of the future sentence-enhancing consequences of his plea. Major v. State, 814 So.2d 424 (Fla.2002).[6] However, the Appellant *631 in the instant proceedings alleged affirmative misadvice by his attorney, not failure to advise, as to the potential for enhanced penalties for future criminal behavior. Although the question addressed in Major is different from the issue presented in this case, based upon the importance of this related issue, we also certify the following question of great public importance:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
AFFIRMED; QUESTION CERTIFIED.
PADOVANO, J., concurs; ALLEN, C.J., concurs in part and dissents in part.
ALLEN, C.J., concurring in part and dissenting in part.
As the majority explains, the appellant's claim that his counsel was ineffective in failing to present a motion to suppress evidence would not have been cognizable by petition for writ of error coram nobis. I therefore join the majority in affirming the trial court's denial of this claim.
I would, however, reverse the trial court's summary denial of the appellant's claim that he is entitled to withdraw his plea because the plea would not have been entered and he would have proceeded to trial except for his trial counsel's positive misadvice that his conviction could not be used to enhance future sentences. I would do so because the motion contains the necessary allegations to state a claim for relief and the trial court has not attached portions of the record conclusively refuting those allegations.
In State v. Ginebra, 511 So.2d 960 (Fla. 1987), the supreme court held that a defense attorney must advise a defendant of only the direct consequences of his plea as enumerated in Florida Rule of Criminal Procedure 3.172(c) in order to provide effective assistance of counsel in conjunction with this aspect of the representation. The court left open the issue of whether "positive misadvice" as to a collateral consequence of a plea might amount to ineffective assistance. Id. at 962 n. 6. But subsequent decisional law makes it clear that where such misadvice leads a defendant to enter a plea he otherwise would not have entered, both the performance and prejudice prongs of Strickland are satisfied and the plea may be withdrawn. See, e.g., State v. Leroux, 689 So.2d 235 (Fla.1997); State v. Sallato, 519 So.2d 605 (Fla.1988); Romero v. State, 729 So.2d 502 (Fla. 1st DCA 1999); Burnham v. State, 702 So.2d 303 (Fla. 1st DCA 1997). These post-Ginebra decisions are fully consistent with federal precedent. See, e.g., Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Despite the fact that the appellant in the present case has alleged what would otherwise be a colorable claim for relief under these decisions, the majority holds that his claim must fail. Without disputing the appellant's sworn assertion that he gave up his constitutional right to a jury trial based on erroneous advice from his counsel, the majority concludes that the appellant will nevertheless be denied relief. In reaching this conclusion, the majority reasons that telling a defendant that his plea in a pending case might result in enhancement of his sentence for a future crime *632 would encourage recidivism. I confess some difficulty in following this logic. I can easily understand how giving a defendant this information might discourage him from entering a plea, but I have difficulty understanding how it might encourage him to commit crimes in the future. What seems to be at the root of the majority's reasoning is its disapproval of the appellant's thought processes in deciding whether to enter his plea. Although I make no effort to offer moral justification for the thoughts that might have passed through the appellant's mind as he decided whether to enter a plea or proceed to trial, I cannot help but observe that the majority has suggested a more complex meaning for the term "involuntary plea" than I have previously understood. The majority creates two classifications of involuntary pleas, those that are involuntary by virtue of appropriate considerations (and thus entitled to legal remedy) and those that are involuntary by virtue of inappropriate considerations (and thus entitled to no legal relief). Because I do not understand the Sixth Amendment rights to trial by jury and effective assistance of counsel to be limited in this fashion, I cannot join the majority in this departure from settled law.
I join the majority in certifying the question of great public importance. And I also note that an additional basis for supreme court review is conflict between the decision herein and the decisions in Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002), and Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000).
NOTES
[1] Hallman has been abrogated on other grounds. See Jones v. State, 591 So.2d 911 (Fla.1991)(holding that newly discovered evidence must be such that it would probably, rather than conclusively, produce an acquittal at trial).
[2] Although we find the petition timely under Wood, we specifically do not reach any issue not decided by the trial court, including the issue of laches. Wood does not foreclose a laches defense that Appellant discovered counsel's misadvice and could have sought relief at a much earlier time. See Bartz v. State, 740 So.2d 1243 (Fla. 3d DCA 1999). That issue would be subject to an evidentiary hearing.
[3] See State v. Ginebra, 511 So.2d 960, 962(Fla.1987) (holding that an attorney is required to advise a defendant of the direct consequences of a plea and will not be found ineffective for failing to advise of collateral consequences of the plea), superseded by rule on other grounds as stated in State v. De Abreu, 613 So.2d 453 (Fla.1993); Sherwood v. State, 743 So.2d 1196 (Fla. 4th DCA 1999)(on rehearing).
[4] Rhodes also pointed out that both Florida and federal courts have distinguished attempts to vacate pleas based on affirmative misadvice from those alleging failure to advise, but none of those "affirmative misadvice" cases, such as State v. Sallato, 519 So.2d 605 (Fla.1988)(involving the issue of whether a defendant may withdraw a plea based on allegations of counsel's "positive misadvice" regarding defendant's chances of becoming a United States citizen), involve misadvice as to the potential for enhanced penalties for future criminal behavior, as alleged in the instant case. See Rhodes, 701 So.2d at 388.
[5] See In re Estate of Yohn, 238 So.2d 290, 295 (Fla.1970) ("if the lower court assigns an erroneous reason for its decision the decision will be affirmed where there is some other different reason or basis to support it.").
[6] In Major, there was no allegation by the defendant of active misadvice by his attorney. The defendant in that case alleged that his attorney failed to advise him that his 1993 conviction pursuant to his plea could be used as a basis for enhancing a sentence for a future crime.