825 So.2d 1007 (2002)
Ronald STANSEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4252.
District Court of Appeal of Florida, Second District.
August 28, 2002.
*1008 STRINGER, Judge.
Ronald Stansel challenges the order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1] We affirm but certify a question of great public importance in regard to Stansel's claim that his plea was involuntary because his trial counsel misinformed him of the future sentence-enhancing consequences of the plea.
On February 21, 1979, Stansel pleaded no contest to one count of sale of marijuana and was sentenced to three years' probation. In 1982, Stansel violated his probation and was sentenced to four years' state prison. After his release from prison, Stansel was charged with the commission of a federal offense. Stansel was convicted of the federal crime and alleges that his prior state convictions enhanced his federal sentence.
Stansel raised six claims in his motion for postconviction relief. Stansel alleged that (1) he was under the influence of drugs during the plea colloquy; (2) the trial court failed to find that a factual basis existed; (3) he was not apprised of the elements of his crime; (4) his counsel misadvised him concerning the consequences of his plea; (5) the trial court failed to inform him that his conviction for sale of marijuana could be used against him to enhance a future sentence; and (6) the trial court failed to instruct him that the violation of his probation could be used against him to enhance a future sentence.
We affirm the denial of Stansel's first three claims. At the time of his sentencing, Stansel knew or should have known of the facts alleged in his motion. Thus, these claims should have been raised through a rule 3.850 motion filed within two years of Stansel's judgment and sentence becoming final.[2]
Stansel argues that the supreme court's decision in Wood v. State, 750 So.2d 592 (Fla.1999), allowed him an additional two years, from the filing date of that decision, to file a 3.850 motion. However, Wood only expanded the time for filing a 3.850 motion for claims traditionally cognizable under a writ of error coram nobis. See Wood, 750 So.2d at 595. The facts upon which a writ of error coram nobis is based must have been unknown by the party at the time of the error, and it must appear that the party could not have known of the facts by the use of diligence. Kinsey v. State, 155 Fla. 159, 19 So.2d 706, 707 (1944). Because Stansel's first three claims allege facts that he knew or should have known at the time of his sentence, the claims are time-barred. See Vonia v. State, 680 So.2d 438, 439 (Fla. 2d DCA 1996) ("[T]he writ of error coram nobis cannot be used ... to breathe life into a postconviction claim previously time barred.").
*1009 As to Stansel's fourth, fifth, and sixth claims, the trial court found that these claims raised issues which Stansel might not have known about at the time of his sentencing. However, the trial court concluded that as a matter of law neither the trial court nor Stansel's defense counsel had an obligation to inform him that his state convictions could be used to enhance a future sentence. We agree.
In the recent decision of Major v. State, 814 So.2d 424 (Fla.2002), the supreme court examined whether the trial court or defense counsel has an obligation to inform defendants of the future sentence-enhancing consequences of their pleas. The supreme court concluded that the possible future enhancing effects of a guilty plea are collateral consequences of the plea. Thus, as a collateral consequence, "neither the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence-enhancing consequences on a sentence imposed for a crime committed in the future." Id. at 431. In accordance with Major, we conclude that Stansel is not entitled to relief on his fifth and sixth claims.
However, Stansel's fourth claim alleged that his defense counsel misadvised him concerning the consequences of his plea by informing him that his violation of probation would not be counted against him as another conviction in a subsequent case. While his claim alleges that he was misadvised rather than not informed of the collateral consequences of his plea, we conclude that Stansel is not entitled to relief.
This court has held that affirmative misadvice about even a collateral consequence of a plea may constitute ineffective assistance of counsel and provide a basis for withdrawal of a plea. See Roberti v. State, 782 So.2d 919 (Fla. 2d DCA 2001) (holding that defendant was entitled to an evidentiary hearing after he alleged that his counsel advised him that he would not be subject to the Involuntary Civil Commitment of Sexually Violent Predators); see also Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985) (holding that defendant was entitled to withdraw plea if affirmatively misadvised about his eligibility for gain time). However, unlike other collateral consequences, such as deportation or gain time eligibility, the future sentence-enhancing effects of a guilty plea only apply if the defendant commits a future criminal offense. See Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997) (noting that the possibility of enhanced future sentences has an even more attenuated connection to the disputed plea than do the other collateral consequences deemed sufficiently harmful to allow a defendant to withdraw his plea). Thus, the defendant can always avoid the future sentence-enhancing effects of a plea by obeying the law.
Society places upon defendants, as it does on all citizens, an obligation to follow the law. It should be apparent to a defendant that a prior conviction for a crime may cause him to be punished more harshly than a first-time offender. See Lewis v. United States, 902 F.2d 576, 577 (7th Cir. 1990) ("The warning is needless; everyone knows that second and subsequent offenders tend to be punished more heavily than first offenders."). Moreover, neither the trial court nor defense counsel should be charged with anticipating the future criminal activity of a defendant. See State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995). Even in cases where defense counsel mistakenly informs the defendant that his guilty plea cannot be used to enhance a subsequent sentence, we believe public policy demands that the defendant bear the *1010 consequences of his decision to commit future crimes.[3]
Accordingly, we affirm the denial of Stansel's motion for postconviction relief and follow the lead of the First District in Bates v. State, 818 So.2d 626 (Fla. 1st DCA 2002), in certifying the following question of great public importance:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
Affirmed.
ALTENBERND, J., concurs.
NORTHCUTT, J., concurs in part and dissents in part with opinion.
NORTHCUTT, Judge, concurring in part and dissenting in part.
I am persuaded by Judge Allen's opinion concurring in part and dissenting in part in Bates v. State, 818 So.2d 626, 631 (Fla. 1st DCA 2002). Therefore, I would reverse and remand for a hearing on Stansel's allegation that his plea was involuntary because he was affirmatively misadvised regarding the future sentence-enhancing consequences of the plea. Otherwise, I concur in the certification of this case to the Florida Supreme Court and in the majority's dispositions of Stansel's other points.
NOTES
[1] Stansel filed a petition for writ of error coram nobis in the trial court. Stansel's petition was timely because it was filed within the two-year window period established in Wood v. State, 750 So.2d 592 (Fla.1999). As directed by Wood, we treat Stansel's petition for writ of error coram nobis as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Id. at 595-97 (holding that future claims traditionally recognized by a writ of error coram nobis shall be raised through a rule 3.850 motion).
[2] In this case, Stansel's judgment and sentence became final prior to the two-year time limit being added to postconviction motions. See Vonia v. State, 680 So.2d 438, 439 (Fla. 2d DCA 1996). "The two-year time limit was added by amendment in 1984. By subsequent amendment in 1985, those persons whose judgment and sentence became final prior to January 1, 1985, were given until January 1, 1987, to file a motion pursuant to rule 3.850." Id. at 439 (footnotes omitted). Thus, Stansel had until January 1, 1987, to raise these claims.
[3] There are presently before this court cases in which defendants have alleged that their defense counsel misadvised them as to the future sentencing consequences of their plea while they had pending federal charges against them. We express no opinion as to whether such a claim is cognizable in a motion for postconviction relief, but clarify that our holding today is limited to those cases in which the defendant committed his future crime subsequent to entering his plea.