WHATLEY, Judge.
Ramon Hernandez challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Hernandez raised two claims in his motion. We affirm.
In his first claim, Hernandez alleged that his August 29, 1988, pleas to grand theft and uttering a forged instrument were involuntarily entered because the trial court failed to comply with Florida Rule of Criminal Procedure 3.172(c)(8) in that it did not advise him that he may be subject to deportation as a result of the pleas. He also alleges that his attorney failed to advise him that the entering of the pleas may subject him to deportation. Rule 3.178(c)(8) requires that when a trial court accepts a defendant’s plea, it must advise the defendant that the plea could subject him to deportation if he or she is not a United States citizen. However, this subsection of rule 3.178(c) was not effective until January 1, 1989,[1] which was subsequent to the entry of Hernandez’s pleas. Because Hernandez entered his pleas prior to the effective date of rule 3.178(c)(8), the fact that he was not affirmatively advised of the deportation consequences of the pleas does not render them involuntary. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001). The pleas may have been involuntarily entered if Hernandez received positive misadvice regarding the deportation consequences of the pleas. See id. However, Hernandez did not so allege, and we affirm the trial court’s denial of this claim.
In his second claim, Hernandez alleged that counsel misadvised him that the offenses to which he was pleading could not be used against him as a prior eonvic *1086 tion in federal or state courts.[2] This is not a cognizable rule 3.850 claim. See Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002). Accordingly, we affirm the denial of this claim and certify the same question that we certified in Stansel.
Affirmed.
PARKER and ALTENBERND, JJ„ Concur.

. See In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992, 992-94 (Fla.1988).

. Hernandez did not allege that he had any potential pending charges at the time he received this misadvice.