830 So.2d 899 (2002)
Charles R. ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1165.
District Court of Appeal of Florida, Second District.
November 15, 2002.
PER CURIAM.
Charles R. Alexander challenges the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm. In his motion, Alexander alleged that his plea was involuntary because defense counsel affirmatively misadvised him that these convictions could not be used in the future as prior offenses for sentencing purposes. In Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002), we held that such a claim is not cognizable in a rule 3.850 motion. We certify the same question of great public importance that we certified in Stansel, 825 So.2d at 1010, to wit:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE
*900 AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
Affirmed; question certified.
DAVIS and KELLY, JJ., Concur.
BLUE, C.J., Concurs with opinion.
BLUE, Chief Judge, Concurring.
My concurrence in this case is required by this court's opinion in Stansel, 825 So.2d 1007. I agree with Judge Northcutt, who dissented on Stansel`s resolution of this issue. 825 So.2d at 1010 (Northcutt, J., concurring in part and dissenting in part). And I agree with Chief Judge Allen, who dissented from the First District's holding that such affirmative misadvice claims are not cognizable in rule 3.850 proceedings. Bates v. State, 818 So.2d 626, 631 (Fla. 1st DCA 2002) (Allen, C.J., concurring in part and dissenting in part).[1]
I understand the public policy stated in Stansel of making defendants bear the consequences of future crimes. But in the same opinion, this court appears to approve what I consider to be malpractice (affirmative misadvice) by an attorney hired by the State to represent the interests of the defendant. That, I contend, is truly bad public policy.
Without oversimplifying matters, a person charged with a crime is constitutionally entitled to a trial by jury. When entering a plea, the person waives this constitutional right. If the right is waived in reliance on the advice of a court-appointed attorney, and the attorney's advice is legally wrong, the defendant has received ineffective assistance of counsel.[2] It makes no difference whether the misadvice resulted from ignorance or was a knowing misstatement to encourage the defendant to waive the right to trial and enter a plea.[3]
I recognize that the allegation of misadvice is just that and an evidentiary hearing, the only relief which the defendant would immediately receive, may result in a determination that the defendant was not misadvised or that the defendant did not rely on the misadvice in deciding to enter the plea. But an evidentiary hearing is far preferable to saying that affirmative misadvice is acceptable. And it allows an opportunity for vindication of the attorney charged with giving such misadvice, should the allegation be untrue. I also recognize that evidentiary hearings require some judicial effort and time, but I prefer the investment of time to determine the truth rather than a conclusion that the truth does not matter.
NOTES
[1] It would also appear that both our supreme court and the Fourth District have recognized the possibility of relief to a defendant misadvised by counsel of the future sentence-enhancing consequences of a plea. See Wood v. State, 750 So.2d 592 (Fla.1999); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000).
[2] "[W]here such misadvice leads a defendant to enter a plea he otherwise would not have entered, both the performance and prejudice prongs of Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] are satisfied and the plea may be withdrawn." Bates, 818 So.2d at 631 (Allen, C.J., concurring in part and dissenting in part) (citing State v. Leroux, 689 So.2d 235 (Fla.1996), and State v. Sallato, 519 So.2d 605 (Fla.1988)).
[3] In Stansel, 825 So.2d at 1009, citing the public policy that charges all citizens with an obligation to follow the law, this court stated that "[i]t should be apparent to a defendant that a prior conviction for a crime may cause him to be punished more harshly than a first-time offender." I have to add that it should be apparent unless his attorney has affirmatively misadvised him to the contrary. Are we creating a Catch 22 for defendants who heed their attorneys?