ALTENBERND, Judge.
Lonnie Lee Nichols appeals an order that denies his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as untimely. We affirm the order, but based on the reasoning in Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002), we certify the same question that we certified in Stansel and in many other similar cases.
Mr. Nichols filed his motion for postcon-viction relief in June 2005. He alleged that he never would have pleaded guilty in 1995, 1996, and 2000 to various offenses if *33 he had known that the resulting state convictions carried the risk of an enhanced sentence for a federal offense. He is now in a federal penitentiary, apparently serving that enhanced sentence. Mr. Nichols alleged under penalty of perjury that his lawyer on each occasion affirmatively told him that if he pleaded guilty to the state charge, the resulting conviction could not subsequently be used against him.
Mr. Nichols fully served all of these sentences more than two years before he filed this motion. Although he may not have understood that his federal sentence could be enhanced until it was actually imposed, the trial court reasoned that he was on legal notice of the applicable federal law more than two years before he filed this motion. Our own case law lends some support to this theory because we issued an opinion rejecting this type of legal claim more than two years before Mr. Nichols filed his motion. See Stansel, 825 So.2d 1007. The “facts” that he alleges were unknown to him and could not be ascertained by the exercise of due diligence are actually the published laws governing sentencing in federal courts.
Despite the logic of the trial court’s decision and our own reservations about the timeliness of this motion, the case law in another district recognizes claims such as that of Mr. Nichols. There, the two-year period for a timely motion is typically measured from the date that the defendant actually learned that the lawyer’s advice was incorrect. That date is normally the date upon which the federal sentence is imposed. See Hope v. State, 909 So.2d 377 (Fla. 4th DCA 2005). Under that case law, Mr. Nichols’ motion would be considered timely.
Accordingly, we affirm the trial court based on our holding in Stansel that mis-advice of counsel, assuring a defendant that his current plea will have no sentence-enhancing consequences in a future criminal proceeding, does not constitute ineffective assistance of counsel, and we certify the same question that we certified in that case:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT’S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
Affirmed.
DAVIS and SILBERMAN, JJ., Concur.